# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

MICHAEL A. RIVERA,                           :
                                             :
        Plaintiff,                       :
                                             :
    v.                                       :          Civ. No. 15-1093-LPS
                                             :
WILMINGTON POLICE DEPARTMENT, :
et al.,                                      :
                                             :
        Defendants.                      :

---

Michael A. Rivera, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

# MEMORANDUM OPINION

September 26, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I.    INTRODUCTION

Plaintiff Michael A. Rivera ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1]  (D.I. 2)  Plaintiff is incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware.  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5)  Plaintiff has filed a request for counsel (D.I. 4), and he recently file a motion to amend (D.I. 14).  The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II.    BACKGROUND

On November 27, 2013, unnamed Wilmington Police Department Officers requested that Plaintiff drive to Fourth and Jackson Streets in Wilmington regarding an alleged altercation with Daniell Mead ("Mead").[2]  Plaintiff refused and called the house sergeant.  Plaintiff informed the house sergeant that he had done nothing wrong and that the vehicles the officers requested were officially signed over to him.

Police officers arrived at Plaintiff's residence, and Plaintiff showed them the titles to the vehicles.  Plaintiff was arrested for unauthorized use of a vehicle without consent of the owner and offensive touching.  Plaintiff posted bond and was given pretrial supervision.  Two weeks later, Plaintiff was arrested, again for theft and unauthorized use of a vehicle without the consent of the owner.

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Plaintiff states that, at the time, there was a no-contact order against Mead that was ignored.

On April 17, 2014, Plaintiff showed the prosecutor valid titles to the vehicles and all charges were dismissed. Plaintiff alleges that he was subject to pretrial supervision, weekly visits, and a 7 p.m. curfew for offenses he did not commit. Plaintiff alleges that he is "positive that the officers, even after being informed of the titles and lack of any corroborating facts," violated his rights.

Plaintiff seeks declaratory relief, as well as compensatory and punitive damages.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d

Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint – unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.*

3

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    DISCUSSION

The complaint is deficiently pled. It is not clear if Plaintiff considers "Wilmington Police Department, City of Wilmington, Officers Does" as one defendant or three defendants. If "Officer Does" is considered as a defendant, dismissal is appropriate as there are no allegations directed to any Doe defendant as are necessary to state a claim under § 1983. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (civil rights complaint must state conduct, time, place, and persons responsible for alleged civil rights violations). In addition, Plaintiff's motion to amend does not clarify the defendants by identifying potential Doe defendants, for example, as Doe 1 or Doe 2, and, therefore, his motion will be denied without prejudice.

Further, the Court notes that the Wilmington Police Department is a department of the City of Wilmington and cannot be sued as a separate juridical entity. *See Washington v. Wilmington Police Dep't*, 1995 WL 654158, at *3 (Del. Super. Sept. 18, 1995). However, because Plaintiff proceeds *pro*

4

*se*, the Court liberally construes the complaint as brought against the City of Wilmington, noting that Defendant is named, in part, as "Wilmington Police Department, City of Wilmington."

A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews,* 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must: (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *See Board of the Cty. Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

Plaintiff has not pled that the City of Wilmington was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the City of Wilmington directly caused harm to Plaintiff, his § 1983 claim cannot stand. Therefore, the complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a cognizable claim, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't,* 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V.   REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are somewhat complex and require

5

significant research and investigation, he has limited access to the law library, limited knowledge of the law, a trial will likely involve conflicting testimony, counsel will better enable Plaintiff to present evidence and cross-examine witnesses, and he struggles to obtain counsel. (D.I. 4)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel, including that, to date, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims, the claims are not complex, this case is in its very early stages, and the complaint is deficiently pled. Upon consideration of the record, the Court is not persuaded that representation by an attorney is

---

[3] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, the operative word in statute being "request.").

warranted at this time.  Therefore, the Court will deny the request for counsel.  (D.I. 4)  The Court can address the issue at a later date should counsel become necessary.

## VI.  CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew the request for counsel (D.I. 4); (2) dismiss the complaint pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii) and § 1915A(b)(1); (3) deny the motion to amend (D.I. 14) without prejudice as it does not cure the pleading defects; and (4) give Plaintiff leave to amend the complaint to cure his pleading defects.

An appropriate Order follows.